Matthias, J.
The primary question presented by this record and urged by counsel for plaintiff in error is the validity of the ordinance of the city of Columbus, upon the provisions of which the affidavits charging the offense of unlawfully manufacturing certain intoxicating liquor and unlawfully possessing certain other intoxicating liquor were based, the claim of counsel being that the municipalities of the state have no power whatever to enact any legislation to enforce prohibition, because, under the provisions of the 18th Amendment to the Federal Constitution, “The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation,” and under the provisions of the prohibition amendment to our state constitution, “The general assembly shall enact laws to make this provision effective.” And it is urged that no authority having been conferred upon the municipalities of the state to enact laws to enforce prohibition any ordinance of that character enacted by any municipality is invalid.
It is true that no such authority has been specifically conferred upon the municipalities of the state, but broad and comprehensive power has been delegated to municipalities by the provisions of Section 3, Article XVIII of the State Constitution, to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws, and a statute which would deny or abridge that right so conferred by the *111 constitution of the state would he invalid. (City of Fremont v. Keating, 96 Ohio St., 468.) The ordinance here in question is a police regulation, which is not only not in conflict hut is in entire harmony with the laws of the state. Welch v. City of Cleveland, 97 Ohio St., 311, and City of East Liverpool v. Dawson, 101 Ohio St., 527.
Prior to the trial of this case in the municipal court the plaintiff in error filed what is denominated a “plea in abatement,” which is set out in the foregoing statement, wherein she asserts that the intoxicating liquor described in the affidavits filed against her had been taken under a search warrant as the property of Fred Heppel, which search warrant had been issued against Fred Whipple, and that therefore no prosecution would lie against her. There was no claim that such liquors were not taken from the place of which plaintiff in error was in charge at the time of her arrest. No demand was made for the return of the intoxicating liquor in question, and hence it is unnecessary to now determine whether in any case the owner of intoxicating liquors taken under a defective search warrant is entitled to an order for the return thereof or its exclusion as evidence upon the trial of the case. Nor could the question of ownership be presented by a so-called “plea in abatement,” or in any wise, as a preliminary question. It could only be presented and determined, as it was later in this case, upon the general issue made by a plea of not guilty.
The record discloses that the plaintiff in error on the date set out in the affidavit was in charge of and operating a so-called near-beer saloon, which is described as a regularly equipped bar, at the comer of *112 Fourth and Moler streets in the city of Columbus, in which place of business the officers found four men in an intoxicated condition; that at that time the plaintiff in error stated to the officers that she had been very careful to whom she had sold, and that she had heard that the officers were going to get all of them, and added “I believe you are.” A search by the officers disclosed in the place and in the cellar connected therewith eleven barrels of beer, twelve cakes of yeast, seventy-seven bottles of “bitters” and a quantity of cider.
The finding of the trial court that these liquors Were intended for beverage purposes was unquestionably warranted by the facts and circumstances disclosed by the record. A chemical analysis of the “bitters” disclosed an alcoholic content of 19.67% which justifies the holding of the trial court that the possession thereof for beverage purposes was unlawful, and amply supports the conviction of the plaintiff in error upon that charge.
It is contended that the charge of manufacturing intoxicating liquor is not supported by the evidence, because the chemical analysis of the beer, the intoxicating liquor specified in the affidavit as having been manufactured by the plaintiff in error, was made June 2, whereas the arrest was made May 14. A large quantity of beer or famous brew, eleven barrels, was found, to all of which yeast had been added by plaintiff in error sometime prior to her arrest, so that it was all then in a state of fermentation. The portion thereof delivered to the chemist for analysis was sealed up the day after it was taken from the plaintiff in error. That analysis disclosed that its alcoholic content was 5.42%. There was there *113 fore some evidence tending to show the intoxicating character of the beer, and the weight thereof was a matter properly for the consideration of the magistrate and the courts which have previously passed upon the question and found adversely to the contention of the plaintiff in error. That finding will not be reviewed by this court.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Jones and Clark, JJ., concur.